IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00844-CMA-KMT

ONE CALL LOCATORS, LTD, *d/b/a* ELM Locating & Utility Services,

    Plaintiff,

v.

CENTURYTEL SERVICE GROUP, LLC, *d/b/a* CenturyLink, Inc.,

    Defendant.

## ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. # 41) and Defendant's Motion for Partial Summary Judgment (Doc. # 42). For the reasons discussed below, the Court denies both motions.

### I. BACKGROUND

Defendant, CenturyTel Service Group LLC, d/b/a CenturyLink (CenturyLink), provides communication and data services to residential, business, governmental, and wholesale customers. (Doc. # 41 at 3.) When CenturyLink installs, repairs, and replaces its underground facilities, it must often excavate the ground. (*Id.*) Plaintiff, One Call Locators, Ltd, d/b/a/ ELM Locating & Utility Services (ELM), is in the business of locating underground facilities before excavation. (*Id.*)

In 2009, ELM and CenturyLink entered into a Local and Worldwide Construction Agreement (2009 Agreement), wherein ELM contracted to perform various services for

CenturyLink in Arizona, Iowa, Idaho, Minnesota, Montana, Nebraska, North Dakota, and South Dakota. (Doc. ## 41 at 3; 41-2, 41-3.) The 2009 Agreement expired in March 2013 and was not renewed. (Doc. # 41 at 3–4.) In February 2013, ELM and CenturyLink entered into another Local and Worldwide Construction Agreement (2013 Agreement), wherein ELM again contracted to perform various services for CenturyLink, now in Arizona, Iowa, Montana, and North Dakota. (Doc. ## 41 at 4; 41-1; 41-2.)

The 2013 Agreement, which is the subject of this lawsuit, included a provision that permitted CenturyLink to withhold funds otherwise due to ELM for defective work.[1] (Doc. ## 1 at ¶¶ 11–13; 41-2 at 4.) In other words, if ELM caused damages, ELM was generally responsible for paying for them. (Doc. # 1 at ¶¶ 13–14.) ELM claims that CenturyLink has improperly withheld funds for damages not contemplated by the 2013 Agreement and not, therefore, ELM's responsibility. As a result, ELM commenced this lawsuit, bringing two causes of action: (1) breach of contract, and (2) declaratory relief. (*Id.* at 4–5.) In response, CenturyLink denies virtually all allegations in the Complaint and argues that ELM owes CenturyLink in excess of $3.5 million as reimbursement and indemnification for damages that ELM caused. (Doc. # 16 at 1–6, ¶ 10.) CenturyLink also brings Counterclaims for (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; and (4) common law indemnification. (*Id.* at 8–11.)

## II. STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] The 2009 Agreement also contains this provision. (Doc. #41-3 at 24.)

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

### III. ELM's MOTION FOR PARTIAL SUMMARY JUDGMENT

ELM's motion centers on its allegation that CenturyLink has been improperly withholding funds for damages that pre-date the 2013 Agreement based on the parties' 2009 Agreement, which ELM argues, was superseded and voided by virtue of an merger clause in the 2013 Agreement. ELM specifically references fifty-seven damage claims totaling $1,567,775.91 that occurred between September 2008 and February 2013 and that, it claims, have been improperly withheld under the 2013 Agreement. CenturyLink responds that the merger clause in the 2013 Agreement did not supersede or void the 2009 Agreement, and thus, the damages under it remain owing.

The Court agrees with CenturyLink that the merger clause did not void ELM's obligations under the 2009 Agreement. Under New York law[2], written agreements are construed in accordance with the parties' intent and "[t]he best evidence of what parties

---

[2] The parties agree that New York law governs this Court's interpretation of the 2013 Agreement.

3

to a written agreement intend is what they say in their writing." *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002) (internal quotation marks and citation omitted). As such, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Id.* Where a contract contains a merger clause, a court is obliged "to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing." *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (2013) (quoting *Primex Intl. Corp. v. Wal–Mart Stores,* 89 N.Y.2d 594, 599 (1997)).

Moreover, a subsequent contract not pertaining to "precisely the same subject matter" will not supersede an earlier contract unless the subsequent contract has definitive language indicating it revokes, cancels, or supersedes that specific prior contract. *CreditSights, Inc. v. Ciasullo*, No. 05 CV 9345 (DAB), 2007 WL 943352, at *6 (S.D.N.Y. Mar. 29, 2007) (quoting *Globe Food Services Corp. v. Consolidated Edison Co. of New York, Inc.*, 184 A .D.2d 278 (1st Dep't 1992) (holding that a later contract containing the phrase "this contract shall replace all prior agreements" not sufficiently definitive to supersede a particular earlier contract).

The general merger clause in the parties' 2013 Agreement is "complete, clear, and unambiguous." It provides, in pertinent part,

> *Entire Agreement.* The Contract Documents contain the entire understanding between the parties with respect to the subject matter and supersede all prior oral and written understandings, arrangements and agreements between the parties relating thereto."

4

(Doc. # 41-1 at 21.) The clear effect of this clause is to limit the scope of the 2013 Agreement to the provisions and documents contained therein. The clause does not extinguish ELM's obligations under the 2009 Agreement by implication, much less by express reference. Indeed, nothing in the 2013 Agreement suggests that the merger clause extends to void antecedent contracts or events that are beyond the scope of the 2013 Agreement and its subject-matter. *See Primex Int'l Corp.*, 89 N.Y.2d at 600 ("Once it has been, thus, established that an antecedent agreement has no effect to vary, contradict or supplement the terms of a later agreement containing the general merger clause, the prior agreement remains enforceable."); *OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.*, No. 8:07-CV-900(GLS\RFT), 2010 WL 114819, at *4 (N.D.N.Y. Jan. 7, 2010) ("[S]uits arising from events or agreements outside the subject matter of the contract containing the merger clause are not bound by that contract's terms."). The Court accordingly concludes that the 2013 Agreement's merger clause did not extinguish the 2009 Agreement or ELM's continuing obligations thereunder. Summary judgment is not therefore warranted on that basis.[3]

## IV. CENTURYLINK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In its motion, CenturyLink contends that ELM has not provided CenturyLink with any invoices to support its allegation that CenturyLink is wrongfully withholding over a

---

[3] The Court notes that ELM's failed to include the very important word "or" (in bold below) when reciting § 12.3 of the 2013 Agreement:

> *Section 12.3 Company's Right of Offset.* Company may. . . offset, deduct or withhold any amount from Retainage held by Company **or** from amounts owed by Company or Company Affiliates to Contractor or any of Contractor's Affiliates under this or any other agreement, so that Company may recover any amount paid or payable by Company as a result of Contractor's performance under the Contract Documents. . . .

5

million dollars in funds.  Because ELM has not presented such evidence, CenturyLink argues that ELM's allegation is baseless and that partial summary judgment is warranted on any of ELM's claims that are premised on it.

The Court denies CenturyLink's request for the following reasons.  First and foremost, this issue is engulfed in genuinely-disputed material facts—namely, whether CenturyLink has wrongfully withheld funds for damages not contemplated by the parties' Agreements and, if so, how much has been improperly withheld.  Second, even if the Court accepts the allegation that ELM has not provided CenturyLink with any invoices to support its allegation, that fact is not a basis for summary judgment.[4]  The Court must instead conclude that no reasonable juror could find in ELM's favor, and the Court cannot so conclude.  The evidence, viewed in light most favorable to ELM—evidence which includes sworn declarations, expert testimony, and financial spreadsheets—supports that some money may have been improperly withheld, or at least that a jury could so find.  Third, CenturyLink's motion focuses on discovery issues.  Indeed, CenturyLink spends its entire reply detailing reasons why ELM's late-filed disclosures related to this issue should be stricken.[5]  Discovery disputes are not proper grounds for summary judgment.

CenturyLink's motion for partial summary judgment is accordingly denied.

---

[4] Indeed, ELM argues that CenturyLink already has the subject invoices in its possession.
[5] The Court notes that a number of ELM's late-filed discovery disclosures pertaining to this issue were indeed stricken on by Magistrate Judge Tafoya on October 16, 2017.  (Doc. # 57.)

## V. CONCLUSION

For the foregoing reasons, the Court DENIES ELM's Motion for Partial Summary Judgment (Doc. # 41) and CenturyLink's Motion for Partial Summary Judgment (Doc. # 42).

DATED: December 5, 2017

BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge